UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT L. STOCKMEIER, | ) | |
| | ) | |
| Petitioner, | ) | 3:94-0365-HDM-RAM |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| E.K. MCDANIEL, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

On June 10, 1996, this Court found the petitioner had not shown cause and prejudice for the procedural default of his claims, and dismissed the petition for writ of habeas corpus. Petitioner then filed a motion for relief from judgment on November 14, 2008, alleging that the state district court issued an amended or supplemental PSI which corrected some of the false statements made in the original PSI, and asserting that the amended or supplemental PSI contained changes that were directly related to facts upon which this Court relied in dismissing the original petition (docket #45 and #46). This Court denied the motion for relief from judgment, finding that the amended or supplemental PSI and changes made therein did not change this Court's determination that petitioner had not shown cause and prejudice for the defaulted claims, or that counsel had acted deficiently (docket #48).

Petitioner has now filed a motion for leave to proceed *in former pauperis* on appeal (docket #50) and a request or motion for certificate of appealability (docket #51). The Court will deny the motion for leave to proceed *in forma pauperis* on appeal. Petitioner has never been granted

leave to proceed *in forma pauperis* in this action.  Furthermore, the Court finds the appeal is not taken in good faith.  Fed. R. App. P. 24.  As the Court previously noted, the Court found petitioner had not shown cause and prejudice for the procedurally defaulted claims, and alternatively that petitioner had not shown that counsel acted deficiently.  Moreover, the Court found that the amended or supplemental PSI did not change the Court's determination.

The Court will also deny the motion for certificate of appealability.  In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.*  The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).  The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard.  Petitioner has not shown that reasonable jurists would find the Court's assessment debatable or wrong.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* on appeal (docket #50) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for certificate of appealability

1  (docket #51) is **DENIED**.

2  Dated this 28th day of September, 2009.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

3